331 A.2d 172
**In re Donna GEIGER et al.**

**Appeal of Catherine GEIGER.**

Supreme Court of Pennsylvania.
Argued May 23, 1974.
Decided Jan. 27, 1975.

---

2. *See* Pa.R.Crim.P. 1115, 19 P.S. Appendix.

H. Robert Hampson, Hampson & Hampson, Warren, for appellants.

William F. Clinger, Jr., William R. Mervine, Mervine & Calderwood, Warren, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

This appeal is brought by Catherine Geiger from a decree of the Court of Common Pleas of Warren County pursuant to sections of the Adoption Act of 1970 authorizing involuntary termination of parental rights. See sections 311(2) and 313 of the Adoption Act of 1970, Act of July 24, 1970, P.L. 620, No. 208, art. III, § 311, 1 P.S. § 311(2) and § 313. The decree terminated appellant's parental rights in her three children, Donna, age 6, Lawrence, age 5, and Sandra, age 2 (ages at the time of

the hearing). The court's decree did not terminate the parental rights of Lawrence Geiger, husband of Catherine Geiger at the time of the hearing and natural father of the two younger children. The three children remain, however, in the custody of the Warren County Child Welfare Agency in compliance with the court's order. The only issue raised by this appeal concerns the court's termination of appellant's parental rights in these children.

The petition seeking termination of appellant's parental rights was filed by the Warren County Child Welfare Agency. This agency's contact with the Geigers had continued over a five-year period commencing in 1967, when the agency undertook periodic visits for the purpose, as described by the agency, of providing "protective services" for the children. During this period, the agency decided that the Geigers had made no "improvement" in their ability to care for their children, and the agency therefore sought to have the parental rights of both the father and the mother terminated.

Section 311(2) of the Adoption Act of 1970 provides for the termination of one's parental rights if:

"(2) The repeated and continued incapacity, abuse, neglect, or refusal of the parent has caused the child to be without essential parental care, control, or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect, or refusal cannot or will not be remedied by the parent . . ."

The agency's petition paraphrased the words of section 311(2) alleging that appellant's children "[were] neglected and abused and that [the parents] because of their incapacity and negligence [had] caused these children to be without essential parental care, control and subsistence necessary for their physical and mental well-being and these conditions [had] persisted since 1968,

dispute [sic] frequent admonitions by your petitioner and other concerned social agencies."

Speaking of section 311(2) in *Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972), we said:

"While the new Adoption Act must be viewed as an expansion of the courts' powers to terminate parental rights under the proper circumstances, *the statutory standard of evidence necessary to support termination is nonetheless demanding."* (Emphasis added.) The legislative enactments demonstrate that the courts should not disturb the parent-child relationship in the absence of compelling evidence of *'repeated and continued incapacity, abuse, neglect or refusal'* to provide essential parental care. (Emphasis in original.) *Id.* at 547, 297 A.2d at 119.

We have reviewed the entire record in this case and find this "demanding" standard of evidence has not been met.

A reading of section 311(2) indicates that three things must be shown before a natural parent's rights in a child will be terminated: (1) repeated and continued incapacity, abuse, neglect or refusal must be shown; (2) such incapacity, abuse, neglect or refusal must be shown to have caused the child to be without essential parental care, control or subsistence; and (3) it must be shown that the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.

The appellant claims that none of the three criteria under section 311(2) has been shown to exist. She argues that the evidence did not show a "repeated and continued incapacity," did not show that her children were "without essential parental care, control or subsistence," and did not show that the alleged deficiencies were caused by her alleged incapacity. Since the record does not establish that the children were "without essen-

tial parental care, control or subsistence," there is no need to examine the other issues raised.

Evidence was presented that the appellant was mentally retarded and suffered from an emotional disorder, that appellant and her husband had marital difficulties which created an atmosphere of turmoil in the home, and that the family was very poor, sustained only by a meager income earned from a junkyard business located next to the home. Opinion evidence by social workers indicated that the house was "submarginal" and "was setting a cultural standard for these children which *would be a deprivation in the future.*" (Emphasis added.) Appellant's neighbors on the other hand testified that the physical conditions of the home were adequate, that the children were adequately clothed and fed, and that the appellant and her husband loved their children and were affectionate and caring towards them.

We need not decide whether to accept the views of the social workers or those of appellant and her neighbors as to the conditions which existed in appellant's home. Even were we to assume that the physical conditions and emotional atmosphere of the home were "submarginal," the record does not establish that the "physical or mental well-being" of the children suffered because of such conditions. Indeed, the undisputed evidence in the record establishes, and the trial court found:

> "[t]he children are not undernourished, they receive amply food and have minimal clothing and are in generally good health. The children have not been physically abused and have not suffered any serious accidents."

The trial court's conclusion that the involuntary termination of appellant's parental rights was justified under section 311(2) cannot stand. Section 311(2) requires a showing that the children were "without essential parental care, control or subsistence." The demanding stand-

ard of evidence required to support termination of parental rights was not met. *Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972).

The trial court's decree is vacated to the extent that it terminated appellant's parental rights to her children. Appellee to pay costs.