346 A.2d 787

## In re ADOPTION OF Chad Wesley MILLS.

### Appeal of Stephen J. MILLS and Cynthia L. Mills.

Supreme Court of Pennsylvania.

Argued Jan. 17, 1975.

Decided Oct. 30, 1975.

Lawrence M. O'Donnell, MacElree, Platt, Harvey & Gallagher, West Chester, for appellant.

Richard L. Raymond, Media, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Decree vacated and case remanded to trial court to resolve factual and legal questions concerning appellee Joy Sandra Mills' performance or nonperformance of her parental duties in conformity with § 311(1) of the Adoption Act, Act of July 24, 1970, P.L. 620, 1 P.S. § 311(1) (Supp.1974). The trial court in making its decree should follow § 3, Rule 1 of Orphans' Court Rules.

MANDERINO, J., filed a Dissenting Opinion.

MANDERINO, Justice (dissenting).

I dissent. The Orphans' Court of Chester County denied appellants' petition to terminate the parental rights of Joy Sandra Mills, the natural mother of Chad Wesley Mills. In its opinion, the court pointed to certain testimony which was presented by appellants and contradicted by appellee, saying that it could not resolve the conflict in this testimony.

Section 311 of the Adoption Act of 1970, July 24, P.L. 620 No. 208, Art. III (1 P.S. § 311) specifies the grounds on which the rights of a parent in regard to a child may be terminated. The party seeking to involuntarily terminate the parent's rights pursuant to that section must prove the existence of these grounds by clear and compelling evidence. *Geiger Appeal,* 459 Pa. 636, 331 A.2d 172 (1975); *Jones Appeal,* 449 Pa. 543, 297 A.2d 117 (1972). If the trial judge in the present appeal could not resolve the conflict in testimony, it is clear that appellants failed to sustain this "demanding standard" of proof, and the order should be affirmed.