J-S16034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE ADOPTION OF O.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: R.H., LEGAL FATHER | : | |
| | : | No. 1705 MDA 2017 |

Appeal from the Decree Entered October 5, 2017,
in the Court of Common Pleas of Cumberland County
Orphans' Court at No.: 83 Adoptions 2017

BEFORE: BOWES, MURRAY, AND PLATT*, JJ.

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 01, 2018**

R.H. (Father) appeals from the decree of the Court of Common Pleas of Cumberland County, entered October 5, 2017, that involuntarily terminated his parental rights to O.D. (a male child, born in February of 2/16).[1] We affirm on the basis of the trial court opinion.

We begin by noting that Father is the presumptive and not the natural father of Child. As the trial court observed:

> In this case, [Father] is the presumptive father of [Child] because he was married to [Mother] at the time of [Child's] birth. However, that presumption was rebutted due to [Father's] incarceration at the time of [Child's] conception, and later DNA testing which confirmed that [Father] was not the biological father of [Child].

---

* Retired Senior Judge assigned to Superior Court.

[1] The trial court also involuntarily terminated the parental rights of Child's biological mother, R.D. (Mother), and Child's biological father on August 18, 2017. Neither Mother nor Child's biological father has filed an appeal, nor is either a party to the instant appeal.

Trial Court Opinion, 12/7/17, at 9 (footnote omitted).[2]

Cumberland County Children and Youth Services (CYS) filed its petition to terminate Father's parental rights on August 7, 2017. The trial court held a hearing on that petition on October 4, 2017. At that time, Father was incarcerated in the Taylor Correctional Institute Annex in Florida. His minimum release date was October 2019. Upon his release, Father will be required to register as a sexual offender. N.T. 10/4/17, at 19-20. The trial court appointed an attorney/guardian *ad litem* to represent Child, who was twenty months old at the time of the hearing.[3]

CYS placed Child with his maternal grandmother (MGM) by emergency order on July 1, 2016. (CYS Exhibit 1, Order for Emergency Protective

---

[2] Father also admitted that he is not Child's biological father. N.T. 11/4/17, at 17.

[3] This Court has recently held that we will address *sua sponte* the failure of an orphans' court to appoint counsel pursuant to 23 Pa.C.S.A. § 2313(a). *See In re K.J.H.*, 180 A.3d 411, 413 (Pa. Super. 2018). Our Supreme Court, in *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) (plurality), held that Section 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding. The Court defined a child's legal interest as synonymous with his or her preferred outcome. With respect to this Court's holding in *In re K.M.*, 53 A.3d 781 (Pa. Super. 2012), that a GAL who is an attorney may act as counsel pursuant to Section 2313(a) so long as the dual roles do not create a conflict between the child's best interest and legal interest, the *L.B.M.* Court did not overrule it.

In this case, the trial court appointed attorney Marylou Matas to act as Child's attorney and guardian *ad litem*. Our review of the record in this matter leaves us with no doubt that the preferred outcome for the pre-verbal Child is adoption. *See In re T.S.*, ____ A.3d ____ (2018 WL 4001825) (2018).

Custody, July 6, 2016.) The trial court ratified that placement at a shelter care hearing held on July 5, 2016, after which Child remained with MGM as an informal kinship caregiver. The hearing officer found that Mother had untreated mental health needs and left the shelter where she was staying, leaving Child in the care of his biological father, who was incapable of caring for Child due to alleged cognitive limitations. Mother had a history with CYS due to mental health needs and homelessness. Her two older children previously were adjudicated dependent, and were in the care of MGM as a permanent resource. (CYS Exhibit 1, Master's Recommendation for Shelter Care, July 5, 2016.)

At the time of the hearing on the termination of Father's parental rights, Child had been with MGM for fifteen months. Child has never been in Father's care, and Father has never met nor spoken to him. N.T. 11/4/2017, at 24.

The trial court entered its decree involuntarily terminating Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (3), (11) and (b) on October 5, 2017. Father filed his notice of appeal and concise statement of errors complained of on appeal on November 3, 2017.

Father raises the following questions on appeal:

[1] Did the [t]rial [c]ourt err in determining that [CYS] presented evidence so clear, direct, weighty, and convincing as to enable the fact finder to come to a clear conviction without hesitancy, of the truth of the precise facts in issue?

[2] Did the [t]rial [c]ourt err in determining the best interest of the children would be served by terminating the parental rights of [Father]?

[3] Did the [t]rial [c]ourt err as a matter of law and abuse its discretion in determining the best interests of the children [sic] would be served by terminating the parental rights of Father, when the evidence indicated that the primary reason for the terminating of his rights was his incarceration?

Father's Brief, at 4.[4]

Our standard of review is as follows:

In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.

We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible

_____

[4] We find that Father has waived any challenge to the termination of his parental rights on the grounds of his incarceration by his failure to raise the issue in his concise statement of errors complained of on appeal. *See Krebs v. United Refining Company of Pennsylvania*, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both his or her concise statement of errors complained of on appeal and the statement of questions involved portion of in his or her brief on appeal); Pa.R.A.P. 1925(b)(4)(vii) (stating, "Issues not raised in the Statement and/or not raised in accordance with this paragraph (b)(4) are waived.").

evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

The trial court terminated Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2), (3), (11), and (b). In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004).

Requests to have a natural parent's parental rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

### § 2511. Grounds for involuntary termination

**(a) General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \*

(2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary

- 5 -

consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. §§ 2511(a)(2) and (b).

Here, the trial court concluded that termination was appropriate under § 2511(a)(2). The fundamental test in termination of parental rights under Section 2511(a)(2) was long ago stated in the case of **In re Geiger**, 459 Pa. 636, 331 A.2d 172 (1975). There the Pennsylvania Supreme Court announced under what is now section 2511(a)(2), that the petitioner for involuntary termination must prove "[t]he repeated and continued incapacity, abuse, neglect, or refusal of the parent has caused the child to be without essential parental care, control, or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect, or refusal cannot or will not be remedied by the parent." **Id.** at 173.

It is well-settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear

conviction, without hesitance, of the truth of the precise facts in issue." ***In re T.F.***, 847 A.2d 738, 742 (Pa. Super. 2004). Further,

> A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

***In the Interest of K.Z.S.***, 946 A.2d 753, 759 (Pa. Super. 2008) (internal citations omitted).

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child but our case law requires the evaluation of any such bond. ***See In re E.M.***, 533 Pa. 115, 620 A.2d 481 (1993). However, this Court has held that the trial court is not required by statute or precedent to order a formal bonding evaluation performed by an expert. ***In re K.K.R.-S***., 958 A.2d 529, 533 (Pa. Super. 2008).

In this appeal, Father argues that he was not given an opportunity to prove to CYS that he could properly parent and care for Child. Father asserts that he testified that his plan was to return to Pennsylvania upon his release, reside with his Mother until he can get a place of his own, obtain employment, and care for his children as a family. Father alleges that CYS

did not present any evidence that he would not be able to accomplish these matters, other than the fact that he is currently incarcerated. Father contends that incarceration alone is not sufficient basis to terminate parental rights. **See** Father's Brief, at 7.

As previously noted, Father waived any challenge to the consideration of his incarceration by failing to raise such a challenge in his concise statement. Nevertheless, we find the consideration of Father's incarceration appropriate. In regard to incarcerated parents, our Supreme Court has stated:

> [I]ncarceration is a factor, and indeed can be a determinative factor, in a court's conclusion that grounds for termination exist under § 2511(a)(2) where the repeated and continued incapacity of a parent due to incarceration has caused the child to be without essential parental care, control or subsistence and that [sic] the causes of the incapacity cannot or will not be remedied.

***In re Adoption of S.P.***, 309 Pa. 328-329, 47 A.3d 817, 828 (2012).

\* \* \*

> [W]e now definitively hold that incarceration, while not a litmus test for termination, can be determinative of the question of whether a parent is incapable of providing "essential parental care, control or subsistence" and the length of the remaining confinement can be considered as highly relevant to whether "the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent," sufficient to provide grounds for termination pursuant to 23 Pa.C.S. § 2511(a)(2). ***See e.g. Adoption of J.J.***, [511 Pa. at 605], 515 A.2d at 891 ("[A] parent who is incapable of performing parental duties is just as parentally unfit as one who refuses to perform the duties."); ***[In re:] E.A.P.***, [944 A.2d 79, 85 (Pa. Super. 2008)] (holding termination under § 2511(a)(2) supported by mother's repeated incarcerations and failure to be present for

child, which caused child to be without essential care and subsistence for most of her life and which cannot be remedied despite mother's compliance with various prison programs). If a court finds grounds for termination under subsection (a)(2), a court must determine whether termination is in the best interests of the child, considering the developmental, physical, and emotional needs and welfare of the child pursuant to § 2511(b). In this regard, trial courts must carefully review the individual circumstances for every child to determine, *inter alia*, how a parent's incarceration will factor into an assessment of the child's best interest.

616 Pa. at 332, 47 A.3d at 830-831.[5]

We have examined the record in this case and are satisfied that it contains sufficient competent, credible evidence to support the termination of Father's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(2). We have also examined the trial court opinion in light of the record and are fully satisfied that it is a complete and correct analysis of the issues Father has raised.

Accordingly, we affirm the decree of the Court of Common Pleas of Cumberland County that terminated Father's parental rights pursuant to 23 Pa.C.S.A. §§2511(a)(2) and (b) on the basis of the concise, thorough, and well-written opinion of the Honorable Christylee L. Peck.

Decree affirmed.

---

[5] The Supreme Court cited its decision in **In re: Adoption of McCray**, 450 Pa. 210, 331 A.2d 652, 655 (1975), for the proposition that termination may

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/01/2018

---

be appropriate for an incarcerated parent who has failed to perform his parental duties for a six-year period. *Id.*, at 328, 47 A.3d at 828.