624 A.2d 655

**David R. BAKER**

v.

**Beatrice E. BAKER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 27, 1993.

Filed April 26, 1993.

238

Susan Petroff Rea, Hollidaysburg, for appellant.

Before TAMILIA, HUDOCK and HOFFMAN, JJ.

TAMILIA, Judge:

Beatrice Baker appeals from the Orders entered June 19, 1992, one dismissing her exceptions to the Master's report and the other concerning equitable distribution, costs and expenses. Although she appeals from separate Orders, appellant's arguments are identical and stem from the same factual precedent.

The parties were married on June 21, 1953 in Hollidaysburg, Blair County. Husband, David R. Baker, is presently 63 years old and wife, appellant, is presently 58 years old. As a result of their union, three children were born, all of whom are now over 18 years of age. The parties separated on March 16, 1985, and husband filed a complaint in divorce on May 16, 1985. The complaint was bifurcated on May 4, 1990, divorce was granted, and a special Master was appointed on April 4, 1991 to hear testimony on the claims for equitable distribution, costs and expenses. According to the trial court, hearings were held on November 7, 1991, May 10, 1991 and May 22, 1991. The Master's report and recommendations were filed on January 31, 1992, and exceptions were filed by both parties. The trial court denied and dismissed both parties' exceptions by the Order of June 19, 1992, and these appeals followed.

Appellant first argues the trial court erred in failing to consider husband's pensions as marital assets while purporting to uphold a division of the marital estate on a sixty-forty basis in favor of appellant. Husband retired from the employ of

Conrail in February, 1990, and now receives a monthly gross pension of approximately $2,500 (N.T., 11/7/91, pp. 33–35). Appellant did not raise this issue, however, in her exceptions to the Master's recommendations, and therefore it is waived on appeal. Pa.R.A.P. 302(a); 2117(c); *Preiser v. Rosenzweig*, 418 Pa.Super. 341, 614 A.2d 303 (1992).

■ Appellant's second claim is that the court erred in finding that appellant is not entitled to permanent alimony. Our standard of review of an Order granting or denying alimony is abuse of discretion by the trial court, which will be found where the trial court fails to follow proper legal procedure or misapplies the law. *Barrett v. Barrett*, 418 Pa.Super. 334, 614 A.2d 299 (1992).

When determining the nature, amount, duration and manner of payment for an award of alimony the trial court must consider the seventeen factors set forth in 23 Pa.C.S.A. § 3701. The general rule stipulates that "where a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary." 23 Pa.C.S.A. § 3701. Recently this court held:

> In the context of determining amount of alimony or alimony pendente lite, proper employment of judicial discretion includes the mandate to apply the Divorce Code in a compassionate and reasonable manner to effectuate the overriding goal of achieving economic justice between the parties.

*Murphy v. Murphy*, 410 Pa.Super. 146, 599 A.2d 647 (1991). *Id.* at 339, 614 A.2d at 302.

■ In this case, the parties were married for over 30 years, the vast majority of which appellant spent at home, keeping the house and caring for the parties' children, while husband was employed by Conrail, from whom he has taken early retirement. Although appellant has obtained employment since the parties' separation as a deli manager at a Giant Eagle grocery store, her weekly net income of $223.74 is far lower than husband's monthly gross income of approximately

$2,500 in pension benefits. Husband's needs are now met amply by his pension benefits, while appellant, no longer living in the marital residence, struggles to meet her expenses on her present income.

Recently, this Court upheld an award of alimony of $300 per month to wife where the parties had been married for 22 years, wife was the primary homemaker, husband had substantial pension benefits and wife did not, and wife had little opportunity to advance from her current employment because of her lack of educational background. *Schneeman v. Schneeman*, 420 Pa.Super. 65, 615 A.2d 1369 (1992). In *Schneeman*, the trial court considered and was persuaded by "the relative earning capacities of the parties, the duration of the marriage, the Wife's contribution as homemaker, the parties' relative needs, . . . and the Wife's relative lack of sufficient property, including property distributed under equitable distribution, to provide for her reasonable needs." *Id.* at 77, 615 A.2d at 1378. The court ordered the award of alimony to help wife with her "very real financial needs" until such time as she began to receive income from husband's pension. *Id.*

The disparity is even greater in this case than in *Schneeman*, as the parties were married longer, appellant is much older than the wife there, and appellant was not awarded any portion of husband's pension benefits, although, generally, retirement benefits constitute marital property. *Schneeman, supra;* *Braderman v. Braderman*, 339 Pa.Super. 185, 488 A.2d 613 (1985). For these reasons, we find the trial court abused its discretion in failing to award alimony to appellant, based on the factors enumerated in 23 Pa.C.S. § 3701, Alimony, and we reverse the Orders of June 19, 1992 in this regard, remanding for proceedings consistent with this decision. On remand, the trial court may consider the issue of husband's pension benefits and their division on the sixty-forty basis already established.[1]

1. Appellant also claims the trial court erred in ordering her to pay half of the Master's fee, in the amount of $480. Due to our resolution of the other issues in this case, we need not address this claim since the trial court, on remand, will have to reconform its entire Order in accordance with this Opinion.

Orders reversed.   Case remanded for further proceedings in accordance with this Opinion.

Jurisdiction relinquished.